UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 5:25-cr-00145

CASEY WADE

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant's Unopposed Motion for Psychological/Competency Evaluation. [ECF 21].

Title 18 U.S.C. § 4241 "spells out the process for determining whether a federal criminal defendant is competent to stand trial." *United States v. Curbow*, 16 F.4th 92, 95 (4th Cir. 2021). Section 4241 permits "'the defendant or the attorney for the Government [to] file a motion for a hearing to determine the mental competency of the defendant.'" *Id.* (quoting 18 U.S.C. § 4241(a)). The Court must hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* "Prior to the competency hearing, 'the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court'" pursuant to the provisions outlined in sections 4247(b) and (c). *Id.* (quoting 18 U.S.C. § 4241(b)). Section 4247(b) pertinently provides as follows:

> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court

> finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court, except that if the examination is ordered under section 4245, 4246, or 4248, upon the request of the defendant an additional examiner may be selected by the defendant. For the purposes of an examination pursuant to an order under section 4241, . . . the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, . . . to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court. The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241 . . . upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

18 U.S.C. § 4247(b).

Pursuant to section 4247(c), the examiner designated to conduct the psychiatric or psychological examination shall prepare and file with the court, with copies to defense counsel, and counsel for the Government, a psychiatric or psychological report, which shall include the relevant information set forth in section 4247(c)(1)–(4). After conducting the competency hearing, "if 'the court finds by a preponderance of the evidence that the defendant is [mentally incompetent to stand trial,] the court shall commit the defendant to the custody of the Attorney General.'" *Curbow*, 16 F.4th at 95 (quoting 18 U.S.C. § 4241(d)). "Thereafter, '[t]he Attorney General shall hospitalize the defendant for treatment in a suitable facility'" in accordance with the time periods set forth in 4241(d)(1)-(2). *Id.*

In support of his motion, counsel for Mr. Wade reports the client has various psychological diagnoses for which he has previously been medicated and hospitalized. [ECF 22 at 1]. Despite prior reports of improvement, Mr. Wade's counsel asserts "it is conceivable that, at a minimum, [Mr. Wade] . . . has not been properly medicated, for some time" given his incarceration. Inasmuch as Mr. Wade's motion [**ECF 21**] is unopposed and his supplemental briefing [**ECF 22**] supports ordering a psychological evaluation, the motion [**ECF 21**] is **GRANTED**.

The Court **ORDERS** a psychiatric or psychological examination be conducted by a licensed or certified psychiatrist or psychologist. The Court **COMMITS** Mr. Wade to the custody of the Attorney General for a period of thirty (30) days for placement in a facility suitable for the subject examination and, unless impracticable, at a location closest to the Court. The Director of the facility may apply for a reasonable extension, but not to exceed fifteen (15) days upon a showing of good cause that the additional time is necessary to observe and evaluate Mr. Wade.

Trial in this matter is currently scheduled for November 10, 2025. For purposes of the Speedy Trial Act, 18 U.S.C. §§ 3161-74, the Court may under certain conditions exclude "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A). If the continuance is granted "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," the Court is required to state "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* The factors that govern the analysis -- and which the Court "shall consider" in passing on a continuance under § 3161(h)(7)(A) -- are as follows:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period

> specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)-(iv). Our Court of Appeals has observed as follows respecting the ends-of-justice continuance:

> The government alternatively argues that the delay is excluded because it served the ends of justice. Under the Act, a court may exclude a period of delay if two things happen: (1) the "judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial"; and (2) "the court sets forth, in the record of the case, either orally or in writing, its reasons for [the] finding[s]." § 3161(h)(7)(A); *United States v. Smart*, No. 22-4209, 91 F.4th 214, 221 (4th Cir. Jan. 24, 2024). In other words, it first must be "clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance." *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994). And, second, the court must set forth the reasons for its finding no later than when it rules on a defendant's motion to dismiss. *United States v. Henry*, 538 F.3d 300, 303–04 (4th Cir. 2008). If the district court fails to meet these requirements, then the delay is not excluded from the speedy-trial clock.

*United States v. Hart*, 91 F.4th 732, 739–40 (4th Cir. 2024) (alterations in original).

The Court notes additionally that 18 U.S.C. § 3161(h)(1)(A) authorizes the exclusion of "[a]ny period of delay resulting from . . . any proceeding, including any examinations, to determine the mental competency . . . .".

Additionally, the Court **FINDS** the failure to grant the continuance would result in a miscarriage of justice. Specifically, counsel would be denied the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The Court **FINDS** the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. Accordingly, the trial previously

scheduled for November 10, 2025, is **CONTINUED** generally.

The Clerk is **DIRECTED** to send a copy of this written opinion and order to the Defendant and his counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.

Enter: October 31, 2025



Frank W. Volk
Chief United States District Judge