**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BECKLEY**

UNITED STATES OF AMERICA

v. CRIMINAL ACTION NO. 5:25-cr-00145

CASEY WADE

**MEMORANDUM OPINION AND ORDER**

Pending are *pro se* Defendant Casey Wade's (1) Motion to Dismiss Case for First Amendment Rights Violation [ECF 68], (2) Motion to Dismiss Due to Multiple Amendment Rights Violations [ECF 72], (3) Motion for Multiple Subpoenas [ECF 69], (4) Motion to Limit or Exclude Out of Court Statements [ECF 70], (5) Motion for Bill of Particulars [ECF 71], and (6) Motion to Suppress Evidence [ECF 73], all submitted to the Court at Mr. Wade's *ex parte* hearing, held on October 7, 2026. [ECF 66]. The Government responded in opposition to Mr. Wade's Motions on October 14, 2026. The matters are ready for adjudication.

**I.**

On August 26, 2025, an indictment was filed against Mr. Wade charging him with numerous firearm and controlled substance violations. [ECF 1]. On September 16, 2025, the Honorable Omar J. Aboulhosn, United States Magistrate Judge, held an arraignment and detention hearing as to Mr. Wade, during which Mr. Wade pled not guilty. [ECF 15]. On October 7, 2026, the Court held a motion hearing pursuant to Mr. Wade's Motion for *Ex Parte* Status Conference [ECF 56] regarding his complaints of counsel's performance, filed September 28, 2026. [ECF 66]. At the hearing, the Court concluded substitution of counsel was not warranted; additionally, Mr.

Wade presented his six *pro se* Motions [ECF 68; ECF 72; ECF 69; ECF 70; ECF 71; ECF 73]. As noted, the Government responded in opposition on October 14, 2026. [ECF 76].

**II.**

***A. Motion to Dismiss Due to Amendment Rights Violations [ECF 68; ECF 72]***

Mr. Wade contends his rights have been violated inasmuch as (1) his case was filed under seal, which "violates [t]he public's right to inspect judicial documents," (2) he was unaware of the maximum penalty he faced, (3) he does not have access to a law library, and (4) he believes his appointed counsel is ineffective. [ECF 68 at 1; ECF 72 at 1, 2]. Mr. Wade requests dismissal of this case under *Federal Rule of Criminal Procedure* 48. [ECF 68 at 1; ECF 72 at 1].

The Government contends (1) "the matter was unsealed on September 11, 2026," (2) *Federal Rule of Criminal Procedure* 10 states the arraignment be held in open court, the defendant be provided with the indictment, the indictment be read to defendant and state "the substance of the charge(s)," and "the court receives the plea of the defendant;" further, the district court is not required "to inform a defendant facing felony charges of the applicable . . . maximum penalties at his initial appearance" (internal citation and quotation marks omitted), (3) there is no "free standing right to a law library," and (4) the ineffective assistance of counsel claim is not ripe inasmuch as the record is not yet sufficient to evaluate counsel's performance. [ECF 76].

Regarding sealing, the Court may dismiss an indictment "if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Crim. P. 48(b). The case was sealed on August 26, 2025, and was unsealed on September 11, 2025, after Mr. Wade's arrest. [ECF 5; ECF 6]. This sixteen-day sealing does not amount to a violation of rights or "unnecessary delay." Fed. R. Crim. P. 48(b).

As to the maximum penalty issue, Magistrate Judge Aboulhosn was satisfied Mr. Wade received the indictment, read and understood its contents, and counsel discussed the nature of the charges with him. [ECF 16 at 1]. There was no obligation to inform him of the maximum penalties his charges carry.

As to the law library issue, there is no "abstract, free standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 343 (1996). "[T]he 'actual injury' that an inmate must demonstrate is that the alleged shortcomings in the prison library or legal assistance program have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim." *Id.* Although there has been an issue accessing the law library, the issue appears to have been remedied on October 16, 2026. [ECF 76 at 2 n.1]. Even if it was not, Mr. Wade's counsel has ample access to a law library. Furthermore, Mr. Wade identifies no specific library resources he needs that have been kept from him. Accordingly, there has been no actual injury nor has Mr. Wade shown the lack of access has hindered any efforts to pursue nonfrivolous claims.

As to the ineffective assistance of counsel claim, the Court stated during the motion hearing counsel was more than competent to represent Mr. Wade and, following the adjudication of these motions filed *pro se*, no basis would exist to find an irretrievable breakdown in communication or the necessity of substituting counsel. [ECF 66; ECF 67].

Accordingly, Mr. Wade's Motions to Dismiss [**ECF 68**; **ECF 72**] are **DENIED**.

***B. Motion for Multiple Subpoenas [ECF 69]***

Mr. Wade requests multiple subpoenas, which appear to be discovery requests. [ECF 69]. The Government has responded to the discovery request in its Response [ECF 76 at 3-4]. Accordingly, Mr. Wade's Motion for Multiple Subpoenas [**ECF 69**] is **DENIED AS MOOT**.

***C. Motion to Limit or Exclude Out of Court Statements [ECF 70]***

Mr. Wade requests "any and all out of court statements" be limited or excluded. [ECF 70]. The Government contends "there is no indication any [out of court] statements were recorded in violation of defendant's constitutional rights." [ECF 76 at 4]. Inasmuch as Mr. Wade's Motion [ECF 70] does not raise any specific concerns, the Motion to Limit or Exclude Out of Court Statements [**ECF 70**] is **DENIED**.

***D. Motion for Bill of Particulars [ECF 71]***

Mr. Wade requests a Bill of Particulars. [ECF 71]. The Government contends the Motion [ECF 71] "should be refused for lack of specificity." [ECF 76 at 4]. "Ordinarily, the function of a bill of particulars is not to provide 'detailed disclosure of the government's evidence in advance of trial' but to supply 'any essential detail which may have been omitted from the indictment.'" *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973) (quoting *Dillen v. Wainwright*, 449 F.2d 331, 332 (5th Cir. 1971)). Inasmuch as Mr. Wade does not cite any deficiencies in the Indictment [ECF 1], Mr. Wade's Motion for Bill of Particulars [**ECF 71**] is **DENIED**.

***E. Motion to Suppress Evidence [ECF 73]***

Mr. Wade contends there was "no probable cause" for the search warrant and thus "all evidence derived" from "Electronic Interception of Communications Order" should be suppressed. [ECF 73]. The Government contends "consent of one party to a conversation is sufficient to permit a person acting under color of law to lawfully intercept a wire, oral, or electronic communication. Federal courts have established that informants who record private conversations at the direction of government investigators are acting under color of law." [ECF 76 at 5] (internal quotation marks and citations omitted).

Federal law allows police to "place an electronic surveillance device on a consenting informant for purposes of recording communications with third-party suspects without a warrant or other judicial authorization." *United States v. Myers*, 465 F. App'x 290, 293 (4th Cir. 2012); 18 U.S.C. § 2511(2)(c). Additionally, "the courts have made it clear that police need not exhaust every conceivable technique before making application for a wiretap." *United States v. Clerkley*, 556 F.2d 709, 715 (4th Cir. 1977); *see United States v. Bautista*, 972 F.2d 342, *3, *4 (4th Cir. 1992); *see United States v. Ramazani*, 924 F.2d 1053, *2 (4th Cir. 1991).

Mr. Wade has failed to show why any evidence derived from the Electronic Interception of Communications Order should be suppressed. Accordingly, the Motion to Suppress [**ECF 73**] is **DENIED**.

**III.**

Mr. Wade's Motions are without merit. Based on the foregoing discussion, Mr. Wade's Motion for Multiple Subpoenas [**ECF 69**] is **DENIED AS MOOT**. Mr. Wade's remaining Motions [**ECF 68**; **ECF 72**; **ECF 70**; **ECF 71**; **ECF 73**] are **DENIED**.

Having adjudicated all of the meritless -- and in some cases frivolous -- motions offered *pro se* by Mr. Wade, he has no basis for challenging his lawyer's competence or suitability. The indictment alleges serious criminal activity by Mr. Wade. He is best served by cooperating with his skilled lawyer and defending the charges aided by his lawyer's expert advice. The Court urges Mr. Wade to communicate with counsel throughout the remainder of this case.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to the Defendant and his counsel, the United States Attorney, the United States Probation Officer, and the United States Marshal Service.

ENTER: November 2, 2026

Frank W. Volk
Chief United States District Judge